UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Scott Selvey, #144218 | C/A No. 6:07-2980-CMC-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Donald Lane, Investigator;<br>Timothy Riley, Warden; and<br>Jonathan Nance, Lt., | |
| Defendants. | |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Tyger River Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff claims that his civil rights (14th Amendment) were violated by an allegedly "trumped up" drug-related disciplinary violation conviction that resulted in forfeiture of three hundred sixty (360) days of Plaintiff's accrued good-time credits. Plaintiff claims that he was supposed to have received immunity for his testimony against another inmate, but that, instead, he was charged and convicted of a disciplinary violation and now his max-out date has been moved from March 30, 2007 into 2008. Plaintiff asks this Court to "review all records pertaining [to the disciplinary violation/hearing] and render a fair decision. " Complaint 5. Although he states that he completed SCDC's administrative remedy Steps 1 and 2, it is unclear whether or not Plaintiff appealed his disciplinary conviction to the South Carolina

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A.

Administrative Law Court.  *Id.* at 2.  The only relief sought by Plaintiff is the restoration of his good-time credits, "so [he] can get out of the South Carolina Department of Corrections!"  *Id.* at 5.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007);  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  Even

under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

By submitting a Complaint and asserting that his "14th amendment rights" were violated by SCDC employees or officials, Plaintiff has styled his claim as one cognizable under 42 U.S.C § 1983.[2]  However, review of all the allegations contained in the Complaint discloses that Plaintiff is challenging the taking of his good-time credits as a penalty for the disciplinary violation of which he was convicted, with the desire that he be released earlier than he will if the disciplinary penalty remains in force.  He is not seeking compensatory damages or any injunctive relief except for the restoration of the good-time credits.

It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez,* 411 U.S. 475 (1973)).  Also, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial  constraints of bond or parole or probation," are properly considered in habeas corpus. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  The holdings of *Heck* and *Preiser* with respect to challenges to prison disciplinary procedures seeking restoration of forfeited good-time credits were confirmed in 2005 by the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Referencing

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

both *Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997) and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
> . . . .
> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought-restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release-was available in habeas. *See* 411 U.S., at 487-488, 93 S.Ct. 1827.

544 U.S. at 82, 86. *But cf. Gaskins v. Johnson*, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006)(citing *Wilkinson*, 544 U.S. at 82 to allow a § 1983 action to go forward where the result of disciplinary hearing challenged was reclassification and denial, not a loss, of good-time credits, and would not necessarily change the duration of incarceration). In light of the applicable legal authority, it is clear that Plaintiff chose the wrong path for his requested relief when he submitted a complaint pursuant to § 1983 to the Court rather than a habeas corpus petition pursuant to 28 U.S.C. § 2254. As a result, this case should be summarily dismissed. [3]

---

[3] In the Order accompanying this Report, the Office of the Clerk of Court is being directed to provide Plaintiff with a set of habeas corpus forms for his future use. Plaintiff is cautioned that he is required to fully exhaust his state court remedies with respect to his disciplinary violation conviction before bringing a § 2254 habeas action in this Court. *See Al Shabazz v. State,* 527 S.E.2d 742 (S.C. 1999); S.C. Code Ann. § 1-23-380(A); SCRAP 203 (b)(6); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Graham v. Ray*, No. CA-05-265-7, 2005 WL 1035496 (W.D. Va. May 3, 2005), *aff'd in part, dismissed in part*, 173 Fed. Appx. 203, 204 (4th Cir. March 7, 2006).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                                   s/William M. Catoe
                                                   United States Magistrate Judge

October 4, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).